UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:02-CR-105-1 |
| | § | |
| TIM C WILLIAMS | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Tim Williams' motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255. D.E. 238. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2013). For the reasons stated herein, the Court dismisses Williams' motion and denies him a certificate of appealability.

## I. PROCEDURAL BACKGROUND

Williams was sentenced to 360 months in the Bureau of Prisons in 2002 based upon his guilty plea to the charges of conspiracy to launder money and conspiracy to possess with intent to distribute more than five kilograms of cocaine. D.E. 97.[1] Williams appealed. The Fifth Circuit Court of Appeals affirmed his conviction and sentence in 2004. D.E. 172.

Williams filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in May 2009, in which he argued that his money laundering conviction should be vacated

---

[1] Williams was sentenced to 240 months on Count One and 360 months on Count Two, to be served concurrently. Id.

based upon the United States Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008). This Court denied the motion as untimely after full briefing. D.E. 196. Williams was granted a certificate of appealability as to his claim that Santos applied retroactively. The Fifth Circuit remanded for this Court to consider Williams' claim under Santos. D.E. 212.

After remand, the Court considered Williams' Santos claim on its merits and again denied relief. D.E. 216. Williams again appealed, but the Fifth Circuit denied his request for a certificate of appealability in July 2012. D.E. 236. Williams then filed his present motion. D.E. 238.

## II. MOVANT'S CLAIMS

Williams claims that this Court misinterpreted the money laundering statute by relying on Wilson v. Roy, 643 F.3d 433 (5th Cir. 2011). He next claims that his sentence was based upon facts not proven to a jury, nor proven beyond a reasonable doubt, in violation of Alleyne v. United States, — U.S. ----, 133 S.Ct. 2151 (2013). As part of his Alleyne claim, Williams again raises his claim that counsel before his guilty plea had a conflict of interest, an issue decided against him in his original appeal. See D.E. 172, p. 2.[2] Williams also challenges the drug quantity upon which his sentence was based, assessment of leadership points, and enhancement for obstruction of justice as part of his Alleyne argument. He further claims that he pled guilty to acts outside the statute of limitations and was sentenced in violation of the *ex post facto* clause of the United States Constitution.

---

[2] "Williams has not demonstrated that his former counsel, Albert Pena, had an actual conflict of interest arising from Pena's representation of multiple clients with conflicting interests. Further, because Pena's testimony did not involve communications protected by the attorney-client privilege, Williams' arguments lack merit." Id. (internal citations omitted).

### III. SECOND OR SUCCESSIVE § 2255 MOTION

Williams filed a previous motion to vacate, set aside or correct his sentence in 2009 in which he raised other claims. That motion was denied.

Williams's current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

*Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.* See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Williams' motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Williams' motion to vacate, set aside or correct sentence (D.E. 124) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Williams has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Williams cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Williams' motion (D.E. 238) is DENIED as second or successive, additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 3rd day of January, 2014.

_____
Janis Graham Jack
Senior United States District Judge